HUSTAD, Respondent, vs. EVETTS and another, Appellants.

*November 12, 1938—February 7, 1939.*

For the appellants there were briefs by *Hill, Beckwith & Harrington* of Madison, and oral argument by *D. V. W. Beckwith*.

For the respondent there were briefs by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *Robert J. Sutherland*.

The following opinion was filed December 6, 1938:

FOWLER, J. The appellants assign as error among other grounds that if the defendant was negligent at all the negligence of the plaintiff as found by the jury was at least as great as the defendant's. If this contention be upheld, it

is unnecessary to consider any other assignments of error, as under the comparative-negligence statute, sec. 331.045, the plaintiff cannot recover.

That the plaintiff was negligent seems to us beyond controversy. It is not contended otherwise by plaintiff's counsel. That negligence plainly was stepping out on the left side of a standing automobile into the middle of a street without looking to see whether another automobile was approaching. It is also too plain for argument to the contrary that if the plaintiff had looked to the rear before he stepped from the truck he would not have stepped off until defendant's automobile had passed and he would not have been injured. It may be, although we do not assume so to decide because the proposition is not before us, that the jury might properly have found that the plaintiff was not negligent by presuming, in absence of evidence that plaintiff did *not* look, because due care is to be presumed in absence of evidence showing negligence, that the plaintiff looked toward the south while crossing the street while going back to the truck after delivering the two bottles of milk, saw the defendant's automobile, judged that it was so far away that it would not reach the truck before he had crossed ahead of it in delivering the extra bottle of milk, and relying on this judgment, reasonably reached, stepped from the truck without again looking toward the approaching automobile. But we are foreclosed from this line of reasoning by the jury's finding that the plaintiff was negligent.

It seems to us that the negligence of the plaintiff as found by the jury was necessarily as great as the negligence of the defendant. We are aware that, as we have previously held, the cases will be extremely rare when the negligence of the plaintiff can be held as matter of law as great or greater than that of the defendant. *Callaway v. Kryzen,* 228 Wis. 53, 279 N. W. 702; *McGuiggan v. Hiller Brothers,* 209 Wis.

402, 245 N. W. 97. But we have so held. *Zenner v. Chicago, St. P., M. & O. R. Co.* 219 Wis. 124, 262 N. W. 581; *Kilcoyne v. Trausch,* 222 Wis. 528, 269 N. W. 276; *Grasser v. Anderson,* 224 Wis. 654, 273 N. W. 63. We consider that the instant case is as clearly within the statute as matter of law as any of the three next-above cited. Greater negligence can hardly be conceived than for a deliveryman experienced in his work, thirty-three years of age, intelligent, and in full possession of his faculties, in making a delivery to step, without looking for traffic, from the left side of his delivery truck standing in a street, directly in the path of an oncoming automobile twenty feet or thereabouts away, traveling even at twenty miles per hour, which was the lawful speed at the place of the instant accident.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to the circuit court to dismiss the complaint.

FAIRCHILD, J. (*dissenting*). My opinion is that the decision below should be affirmed. Hustad was hurrying from the west side of the street to his truck to secure an extra bottle of milk for a customer. In doing this he entered the truck hurriedly, after glancing to the south to where a hill rises at Mound street, cutting off the view of traffic farther south. In the distance between Mound street and the truck, upwards of five hundred feet, there was nothing in sight. A few seconds later, without again looking, Hustad stepped into the path of the defendant's car, which in the brief interval had traversed the distance from Mound street.

From these facts the inference follows that the defendant was driving at such a rate of speed as to constitute negligence, and this bears on the question of comparative negligence, for it is reasonable to conclude that Hustad's negligence in not looking to the south again before stepping from the truck

may have been less than the negligence of the defendant in approaching the truck at an unlawful rate of speed. A jury question was presented.

In *Dahinden v. Milwaukee E. R. & L. Co.* (1919) 169 Wis. 1, 5, 171 N. W. 669, it appeared that the plaintiff looked before driving across a streetcar line, that he saw a car coming one hundred seventy-five feet away, that he shifted gears, and proceeded but failed by three inches to get across the track before the streetcar reached the point of collision. In that case the court said:

"It would be a most rigorous application of the look-and-listen rule to hold that plaintiff was guilty of negligence as matter of law because, after having looked and deciding that he had time to cross ahead of the car, he did not look again within the space of two seconds, which was his last moment of opportunity before entering the danger zone, and this, especially, in view of the fact that during such time his attention was somewhat devoted to a shifting of gears. . . . We think it would be assuming overmuch to say plaintiff was guilty of negligence as matter of law. The question of whether he exercised such care and prudence as the majority of mankind exercise under the same or similar circumstances was a question for the jury."

It seems to me that the present case presents a similar situation. From the experience of the plaintiff he might well have estimated that he had ample time to reach into the truck, pick up a milk bottle, and enter the street before a car driven at a lawful rate of speed could cover the distance between the top of the hill at Mound street and the place where his truck was standing.

I am authorized to say that Mr. Justice MARTIN concurs in this dissent.

A motion for a rehearing was denied, with $25 costs, on February 7, 1939.