LURIE, Respondent, vs. NICKEL, Appellant.

*December 6, 1939—January 16, 1940.*

For the appellant there was a brief by *Kaftan, Rahr & Kaftan* of Green Bay, and oral argument by *J. Robert Kaftan* and *Raymond J. Rahr*.

For the respondent there was a brief by *Sigman & Sigman* of Appleton, and oral argument by *Abraham Sigman*.

FRITZ, J. The collision in question occurred on a dark night on December 21, 1938, at the intersection of West Wisconsin avenue and North Mason street in the city of Appleton. Wisconsin avenue extended east and west with a twenty-feet-wide concrete pavement and ten-feet-wide shoulders. Mason street ran north and south and had a black-top surfaced roadway. The street light above the center of the intersection was lit but the weather was misty, and the pavement was frosted and glazed. Defendant, driving east on Wisconsin avenue, approached the intersection from the west and intended to continue eastward. Plaintiff, approaching on Wisconsin avenue from the east, turned left across the south half of the street to go south on Mason street. The point at which plaintiff crossed the center line of Wisconsin avenue and the place at which the impact occurred are in dispute. But it appears without dispute that the front of defendant's car struck the front portion of the rear right fender of plaintiff's car with such momentum and force as to swing its rear end around and imbed its left

fender in a telephone pole erected at the outer edge of the south shoulder of Wisconsin avenue and several feet east of Mason street.

The jury found (1) that the defendant was not negligent as to either (a) lookout, or (b) control and management, but (2) that there was causal negligence on his part as to speed; (3) that the plaintiff was not negligent as to either (a) right of way or (b) control and management, but (4) that there was causal negligence on his part as to (a) lookout, and (b) also as to turning left across the pathway of the oncoming car under circumstances then and there present; and (5) that of the total causal negligence seventy per cent was attributable to the defendant and thirty per cent was attributable to the plaintiff. Upon those findings the court ordered judgment against the defendant for the plaintiff's recovery of seventy per cent of his damages as assessed by the jury. On this appeal from the judgment the defendant contends (1) that negligence on his part in respect to speed was not a proximate cause of the collision, but (2) that even if it were, the total causal negligence attributable to plaintiff, in respect to (a) lookout and (b) turning left across the pathway of defendant's oncoming car, was at least as great as the causal negligence attributable to the defendant in respect to speed.

On the matter of speed, the defendant admitted that he was driving at the rate of thirty to thirty-five miles per hour as he approached Mason street. That was negligence as a matter of law in view of the speed limit under the city ordinance permitting but twenty miles per hour at the place in question. In addition, in view of evidence which admitted of finding the following facts, the jury could likewise find that the defendant was negligent in respect to speed because of violating the provisions in sec. 85.40 (1), Stats., that—

"It shall be unlawful for any person to operate any vehicle upon a highway carelessly and heedlessly . . . at speeds

greater than those specified in this section or in a manner so as to endanger or be likely to endanger the property, life, or limb of any person; or without due regard to the traffic, surface, width of the highway, and any other condition of whatever nature then existing."

Thus it was undisputed that the night was dark and misty and that the pavement was slippery because it was frosted and glazed. Although the defendant applied his brakes promptly upon seeing plaintiff's car turn onto the south half of Wisconsin avenue, he nevertheless skidded eastward, after his brakes took effect, for ninety feet at such speed that, when his car ran into the right side of plaintiff's car, the defendant's car was still going with such momentum and force as to cause the left rear fender of plaintiff's car to be so imbedded in the telephone pole at the southeast corner of the intersection that the car had to be pulled sideways to remove it, and to cause the front of defendant's car to be damaged to such an extent that the repair thereof cost $175.

Likewise, it was within the province of the jury upon finding the defendant negligent in respect to speed, by reason of the facts stated above, to also find that his negligence in that respect was a cause of the collision, in view of those facts and evidence and findings of the jury sufficiently supported by evidence to the following effect. The impact occurred on the west half of Mason street, after plaintiff had started making the left turn. He, according to the jury's findings, was not negligent in respect to the control and management of his car, and yielding the right of way. Those findings indicate that the jury believed the plaintiff's testimony that while he was driving the last fifteen feet along the north half of Wisconsin avenue, just before entering the intersection, he estimated defendant's car to be half a block away and approaching at thirty to forty miles per hour, because of which it was safe for him to make the left turn; that he put out his left arm and gave a plainly visible signal

of his intention to turn left; that he made that turn upon entering the intersection; that he entered the latter before the defendant did; and that under those circumstances sec. 85.18 (1), Stats., required the defendant to yield the right of way, and the plaintiff, as the jury found, was not negligent in respect to right of way. However, although the evidence admitted of the jury's finding that the negligence of defendant in respect to speed was a cause of the collision, and although, as the jury found, the plaintiff was not negligent in respect to control and management, and right of way, the causal negligence on the part of plaintiff, which the jury found by reason of his failure in respect to lookout, together with his turning left across the pathway of the defendant's car, under the circumstances then and there present clearly constituted causes of the collision to at least as great an extent as the defendant's negligence in respect to speed alone. Even though the jury may have believed his testimony that he did signal his intention to turn left, the evidence warranted finding that upon so signaling plaintiff turned so abruptly across the pathway of defendant's oncoming car that he did not, as required by sec. 85.18 (5), Stats., first afford the defendant the reasonable opportunity to avoid a collision, and that therefore the plaintiff was guilty, as the jury found, of causal negligence in respect to turning left. As was held in *Hansen v. Storandt*, 231 Wis. 63, 285 N. W. 370, a finding absolving a driver from negligence in respect to the giving of the signal required by sec. 85.18 (1), Stats., of his intention to turn left across the lane of travel of an approaching vehicle does not preclude finding him negligent if in making such turn he is guilty of such violation of sec. 85.18 (5), Stats., as to cause the collision. Causal negligence in that respect is so apt to create such an exceedingly dangerous condition that often a collision cannot be avoided by the exercise of even the utmost care on the part of the driver of another car. And so under the facts and circumstances herein, the plaintiff's negligence in that respect, together

with his causal negligence in respect to lookout, was clearly the principal and predominating cause of the collision, and rendered it inevitable to such an extent that it was attributable at least as much thereto as it was to defendant's negligence in respect to speed alone. Consequently, the court erred in denying the defendant's motion to change the jury's findings as to comparative negligence by finding that plaintiff's causal negligence was equal at least to that of the defendant; and in failing thereupon to enter judgment dismissing the complaint as well as the counterclaim. *Grasser v. Anderson,* 224 Wis. 654, 273 N. W. 63, 65; *Kilcoyne v. Trausch,* 222 Wis. 528, 269 N. W. 276; *Zenner v. Chicago, St. P., M. & O. R. Co.* 219 Wis. 124, 262 N. W. 581.

*By the Court.*—Judgment reversed with directions to enter judgment dismissing plaintiff's complaint and the defendant's counterclaim with costs to the defendant.