FRONCZEK, Respondent, vs. SINK and another, Appellants.

*April 10—June 24, 1940.*

For the appellants there were briefs by *Hale & Skemp* of La Crosse, and oral argument by *Quincy H. Hale* and *Thomas H. Skemp*.

For the respondent there were briefs by *George H. Gordon, Law & Gordon* of La Crosse, and oral argument by *Lawrence J. Brody*.

The following opinion was filed May 7, 1940:

ROSENBERRY, C. J. The case was here upon a former appeal from an order granting the plaintiff a new trial, from which the defendants appealed to this court. The order of the trial court was affirmed without opinion. On the first trial the jury found that the defendant Sink was negligent, (a) in respect to lookout; (b) in respect to speed; and (c) in failing to yield to the plaintiff the right of way. The same jury found the plaintiff negligent in respect to keeping a suf-

ficient lookout. Upon the second trial the jury found the defendant negligent in respect to speed and in respect to keeping a proper lookout and proper control of her automobile, but found that she was not negligent with respect to yielding the right of way to the plaintiff pedestrian. The jury also found the plaintiff Fronczek negligent in respect to yielding the right of way to the defendant Sink and in respect to maintaining a proper lookout for traffic. Both juries apportioned the negligence twenty-five per cent to the plaintiff and seventy-five per cent to the defendants.

Upon this appeal we were asked to say that as a matter of law the negligence of the plaintiff was at least equal to that of the defendants. The defendants rely upon the case of *Hustad v. Evetts* (1939), 230 Wis. 292, 282 N. W. 595. In that case the jury found the plaintiff negligent in alighting from his truck, found the defendants negligent in respect to speed, lookout, and management, and apportioned the negligence twenty-five per cent to the plaintiff and seventy-five per cent to the defendants. Upon appeal this court held that the negligence of the plaintiff was at least equal to that of the defendant and denied recovery. No rule of thumb can be laid down with respect to the apportionment of negligence between a plaintiff and a defendant. A plaintiff may be guilty of exceeding the speed limit traveling at twenty-five miles an hour. In the same case the defendant may be guilty of exceeding the speed limit and he may be traveling sixty miles an hour upon a city street. Because they are both found negligent in the same respect, can it be said that the negligence of the plaintiff equals that of the defendant? While plaintiff in the assumed case was negligent because he was exceeding the speed limit, his speed may have had very little causal effect and the injuries sustained by the plaintiff may be due almost entirely to the excessive speed of the defendant.

In *Hustad v. Evetts, supra,* the court said (pp. 296, 297) :

"That the plaintiff was negligent seems to us beyond controversy. It is not contended otherwise by plaintiff's counsel. That negligence plainly was stepping out on the left side of a standing automobile into the middle of a street without looking to see whether another automobile was approaching. . . .

"Greater negligence can hardly be conceived than for a deliveryman experienced in his work, thirty-three years of age, intelligent, and in full possession of his faculties, in making a delivery to step, without looking for traffic, from the left side of his delivery truck standing in a street, directly in the path of an oncoming automobile twenty feet or thereabouts away, traveling even at twenty miles per hour, which was the lawful speed at the place of the instant accident."

The facts in this case in no way parallel those in *Hustad v. Evetts, supra.*

We have given careful consideration to the facts in this case. Two juries have assessed the damages and apportioned them on the same basis as between plaintiff and defendants. We see nothing in the facts of this case from which it can be said as a matter of law that the negligence of the plaintiff was equal to or greater than that of the defendant. It is not necessary to restate the principles so well stated in *Hustad v. Evetts, supra.*

*By the Court.*—Judgment affirmed.

The following opinion was filed June 24, 1940:

ROSENBERRY, C. J. (*on motion for rehearing*). We are met in this case with a very unusual request, that—

"The decision in this case be withdrawn and rewritten so as to include a more detailed statement of facts and include in the statement of facts the findings by the lower court that the injured plaintiff as a pedestrian walked into the side of defendant's automobile and was crossing the street at a point other than the crosswalk."

It is stated that the request is made because the defendants undertook expensive litigation for the express purpose of having that question decided. The defendants rely upon a peculiar state of the record. Prior to the introduction of evidence, the defendants requested that the special verdict submitted should include a question as to whether or not plaintiff Fronczek walked into defendant Sink's automobile and the question as to whether or not plaintiff Fronczek was jaywalking. The court refused such questions on the ground that the answers to the requested questions were included in the submitted questions, and stated that in the event the jury found the plaintiff Fronczek negligent as to yielding the right of way that it would be construed to mean that the plaintiff was jaywalking at the time of the accident, and that the collision occurred south of the crosswalk, and likewise if the jury found plaintiff negligent as to lookout that it would be construed as meaning that plaintiff Fronczek walked into the side of defendant's automobile.

The court in its instructions to the jury covering the third question which inquired with respect to the plaintiff's negligence, made no reference to the matter of the plaintiff having walked into the side of the defendant's automobile. In deciding the motions after verdict the court said:

"What I would have done if I had been a juror is not the test of the jury's verdict. However, if I had been sitting as a juror in this case I would have found the defendant guilty of speed, I would have found the defendant guilty of failing to yield the right of way and found the defendant guilty of failing to keep her car under control and maintaining a sufficient lookout, and I would have found the plaintiff guilty of failing to maintain a sufficient lookout, even though he might have been on the crosswalk."

If the court had construed the finding of the jury that the plaintiff was negligent as to lookout as a finding that the plaintiff walked into the side of the defendant's car in the ab-

sence of appropriate instructions to the jury, the court would undoubtedly have been in error. The evidence is in conflict. It was the duty of the jury to resolve these conflicts which they did by their verdict. The claim of the defendants and the evidence offered which tends to support it related to an evidentiary fact which was for the consideration of the jury together with other facts which were established by the evidence. Under these circumstances this court was not called upon to pass upon this contention of the defendants nor would any useful purpose have been served by setting out in the original opinion or setting out in this opinion all of the evidence bearing upon this question. If that had all been done, the matter for decision would have been just the same. If we were to set forth in the opinions of the court all of the contentions of counsel on both sides with the evidence tending to support them and reply to all of the arguments made, it would not only make the opinions of the court useless in the future but would probably create greater dissatisfaction rather than less. It is much more difficult to write a short opinion than it is to write a long one. The only question for consideration in this case was whether the court could say, as a matter of law upon the verdict, the evidence being in conflict, whether the negligence of the plaintiff was as a matter of law greater than that of the defendant. This question the court decided.

*By the Court.*—Motion for rehearing denied with $25 costs.