ROBINSON, Respondent, vs. KRENN and another, Appellants.

*September 13—October 8, 1940.*

*Francis A. Murphy,* attorney, and *Emmet McCarthy* of counsel, both of Marinette, for the appellants.

For the respondent there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *A. J. O'Melia.*

FRITZ, J. The collision between automobiles driven by the plaintiff and the defendant, respectively, occurred on the twenty-two-feet-wide concrete roadway of United States Highway No. 141, running north and south in the outskirts of the village of Niagara. Each of the parties saw the other

coming for several hundred feet, as they approached from opposite directions. Plaintiff, who was driving northward at ten miles per hour, testified and claims that after he had slowed down and come to a stop on the east half of the roadway, at a newspaper box which was opposite the entrance to his tavern located on the west side of the highway, his left front fender and wheel were struck by defendant's car on the east half of the roadway. Defendant, who was driving southward at fifty-five miles per hour, testified and claims that while operating his automobile two and one-half feet to the west of the center line of the roadway, he saw plaintiff slow down from ten miles per hour so as to come almost to a stop, and that he thought plaintiff did so for the purpose of making a left turn across to his tavern; that when the cars were two car-lengths apart he saw plaintiff's automobile suddenly move westward into the pathway of defendant's oncoming automobile and immediately applied his brakes; and that at the time of the impact defendant's automobile was twenty-nine inches west of the center line of the roadway, as was shown by his tire skid marks, which extended from there southwestward fifty to sixty feet on the concrete and there went off the concrete onto the west shoulder. At an examination before the trial and again at first during the trial, defendant testified that the impact was between the left front parts of each of the automobiles, but subsequently during the trial he testified that it was with the right front part of plaintiff's automobile.

Because the speed of fifty-five miles per hour at which defendant was driving was in violation of the village ordinance, the court rightly found that defendant was negligent as a matter of law in driving at that speed, and the jury found that the collision was a natural result of that negligence. The jury also found that defendant was causally negligent in failing to keep a sufficient lookout and

control of his automobile; but that he was not negligently operating the automobile on the left side of the roadway. On the other hand, the jury found in relation to the plaintiff that he was causally negligent "in turning his automobile to the left to cross the roadway," and in failing to keep a sufficient lookout and control of his automobile. On comparing the causal negligence, the jury found that eighty per cent thereof was attributable to defendant and twenty per cent to plaintiff.

On this appeal defendant contends that the collision occurred when and because plaintiff abruptly turned left onto the west half of the roadway, while defendant's rapidly approaching automobile was but two car-lengths away, and that under these circumstances defendant's speed had no causal connection with the collision; that the evidence does not support the jury's finding that defendant failed to keep a proper lookout and thereby caused the collision; that such failure and cause cannot be inferred in this case from the mere fact that the collision occurred, because, by reason of plaintiff's abrupt turn across the pathway of defendant's oncoming automobile without giving him a reasonable opportunity to avoid a collision, defendant's failure to keep a better lookout cannot be held to have contributed in causing the accident (citing *Hansen v. Storandt,* 231 Wis. 63, 285 N. W. 370, and *Koperski v. Hoeft,* 179 Wis. 281, 191 N. W. 571); and that because plaintiff turned abruptly to cross in front of defendant's oncoming automobile, without having a sufficient opportunity to do so in safety, plaintiff's causal negligence was as great, at least, as defendant's negligence, and therefore the complaint must be dismissed.

The latter contention would have to be sustained if the intended meaning and effect of the jury's finding that plaintiff was causally negligent "in turning his automobile to the left to cross the roadway," considered in connection with its finding that defendant was not negligently operating his

automobile on the left side of the roadway, are that immediately preceding the impact, plaintiff had turned his automobile abruptly to the left across the pathway of defendant's southbound automobile on the west half of the roadway without affording the defendant a reasonable opportunity to avoid a collision. That this was considered and intended to be found by the jury to have been the situation at the time of the impact can fairly be inferred, as defendant contends, from the jury's findings that defendant was not negligently operating his automobile on the left side of the roadway, and that plaintiff was causally negligent in turning his automobile to cross the roadway. The first of these findings was evidently based largely on the evidence that defendant's tire skid marks, upon the application of his brakes, were twenty-nine inches west of the center of the roadway; and the second can be deemed to disclose that the jury did not believe plaintiff's testimony that his automobile continued to remain at a standstill on the east half of the roadway up to the time of the impact. At all events, if the situation was as defendant contends the jury meant to find by its verdict, then plaintiff's causal negligence would have to be considered as great, at least, as the causal negligence on the part of the defendant, which the jury found. *Lurie v. Nickel,* 233 Wis. 420, 289 N. W. 686; *Driessen v. Moder,* 233 Wis. 416, 289 N. W. 689; *Grasser v. Anderson,* 224 Wis. 654, 273 N. W. 63; *Hansen v. Biron,* 208 Wis. 215, 242 N. W. 498.

However, as plaintiff contends, in view of the peculiar form of the questions submitted by the court in relation to whether plaintiff was causally negligent "in turning his automobile to the left to cross the roadway," the findings cannot be said to show conclusively that the jury intended its answers to mean that plaintiff had turned his car to the left so far as to invade defendant's pathway on the west half of the roadway. As the court did not explain to the jury

the intended meaning or application of the question in this respect, it may be true that the jury understood that the inquiry was merely whether plaintiff had turned his wheels preparatory to crossing over the center of the roadway. But if that was the understanding, then there was not submitted to the jury the crucial issue as to whether plaintiff abruptly invaded defendant's pathway without affording him the reasonable opportunity to avoid a collision which is required under sec. 85.18 (5), Stats. *De Baker v. Austin,* 233 Wis. 39, 45, 287 N. W. 720. Moreover, if the jury's findings, that plaintiff was causally negligent "in turning his automobile to the left to cross the roadway," were intended to mean that he had merely turned the wheels preparatory to crossing, but had not crossed the center line before the impact, then these findings are inconsistent with the finding that the defendant was not "operating his automobile on the left side of the roadway." To render the collision possible, one or the other of the parties must have invaded the pathway of the other. It follows that, in view of the uncertainty in the jury's findings that plaintiff was causally negligent in turning his automobile to the left to cross the roadway, and the inconsistency between these findings, if construed as plaintiff contends, and the finding that defendant was not negligently operating his automobile on the left side of the roadway, and likewise in view of the absence of any specific finding as to whether plaintiff abruptly invaded the pathway of defendant's oncoming car without affording him a reasonable opportunity to avoid a collision in the exercise of ordinary care, it is necessary to grant a new trial in the interests of justice in order that the real controversy can be fully tried and a miscarriage of justice avoided.

*By the Court.*—Judgment reversed, and cause remanded with directions to order a new trial.