BEER, Appellant, vs. STRAUF and another, Respondents. [Two cases.]

*January 6—February 4, 1941.*

For the appellants there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *M. G. Eberlein.*

For the respondents there was a brief by *Benton, Bosser, Becker & Parnell* of Appleton, and oral argument by *A. W. Parnell.*

WICKHEM, J. These cases arose out of an automobile collision at the intersection of Pearl and Beacon streets in the city of New London. Pearl street runs north and south. Beacon street runs east and west and intersects Pearl street at right angles. On May 5, 1938, Ella Beer was driving her automobile south on Pearl street and approaching the intersection in question. Dell Strauf was driving an ambulance west on Beacon street and approaching the same intersection. The cars collided in the west half of the intersection, the ambulance being struck upon the right rear fender by the front portion of the Beer car.

The first error claimed is that the court gave erroneous instructions as to the rights of the parties approaching the intersection. With reference to right of way the court purported to read to the jury sub. (1) of sec. 85.18, Stats., entitled, "Right of way at intersections." The instruction was as follows:

"Section 85.18, subsection 1, of the statutes reads as follows: '*Right of way at intersections.* When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, except as otherwise provided in this section. The driver of any vehicle driving at an unlawful speed shall forfeit any right of way which he or she might otherwise have hereunder. The driver of a vehicle approaching but not having entered an intersection shall yield the right of way to a vehicle within such intersection.' "

So far as it went, the instruction was in the exact words of the statute. In the last sentence, however, there was omitted the following portion of the statute:

"and turning therein to the left across the line of travel of such first mentioned vehicle; provided, the driver of the vehicle turning left has given a plainly visible signal of intention to turn as aforesaid."

·The meaning of the last sentence was, of course, changed materially by the omitted portion of the statute. As given to the jury the last sentence of the instruction plainly implies that the first vehicle in the intersection has the right of way over a vehicle which enters the intersection after it, whereas the statute in its complete form applies to a wholly different situation. That the instruction was erroneous and misleading was held in *Roellig v. Gear,* 217 Wis. 651, 260 N. W. 232, where the trial court, after correctly instructing the jury that when two vehicles approach or enter the intersection at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, followed this up with the statement that if the driver to the left approaches and enters the intersection first he is entitled to the right of way. This instruction was held to be prejudicial error, and the same conclusion is inevitable here where the principal contested question was whether defendant's car, approaching from plaintiffs' left, had arrived at the intersection sufficiently in advance of that of plaintiffs' to entitle it to the right of way.

The next alleged error ·is the following instruction:

"It is the law that the driver of every motor vehicle must have his or her vehicle under such reasonable control as would enable the driver to avoid accidents which might be foreseen by the exercise of ordinary care, and to keep his or her vehicle under such control as to be able to check the speed or stop it absolutely, if necessary, by the application of the brakes or otherwise, to avoid injury to others when danger may be expected or is apparent. One who disobeys this statutory provision is guilty of negligence."

This instruction was also prejudicially erroneous within the doctrine of *Quinn v. Hartmann,* 210 Wis. 551, 246 N. W. 587, and *Schulz v. General Casualty Co.* 233 Wis. 118, 126, 288 N. W. 803. In the *Schulz Case* this court said with respect to a similar instruction,—

"The instruction is obviously erroneous. The duty is not to have his car under such control as to enable him to avoid accident, but to use ordinary care to that end. . . . 'Proper inquiry, under the circumstances of this case, was whether the defendant exercised ordinary care in the control of his automobile, and not whether he exercised such control as to enable him, in the exercise of ordinary care, to stop in time to avoid the collision.' "

It is next contended that as a matter of law Strauf was guilty of negligence in failing to yield the right of way. Plaintiffs claim that the only inference the evidence will reasonably support is that Mrs. Beer was approaching or entering the intersection at approximately the same time as the Strauf ambulance and that consequently she had the right of way. There is evidence that when Mrs. Beer was a couple of feet from the north crosswalk the ambulance had its front wheels just over the east crosswalk. On the other hand, this accident happened when the front wheels of the Strauf ambulance were on the west crosswalk. The collision was with the rear end of the ambulance. In spite of some evidence that Strauf speeded up his car to get across and avoid the collision, we think the jury could conclude that the parties did not enter the intersection at approximately the same time but that Strauf was well into the intersection and nearly across it when the plaintiffs' car entered the intersection. We conclude there is a jury question.

Other errors are assigned but since for reasons already set forth there must be a new trial, we do not consider it necessary to discuss them.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.