SCHMALLENBERG, Respondent, vs. SMITH and another, Appellants.

*February 5—March 11, 1941.*

For the appellants there was a brief by *Wendell McHenry*, attorney, and *Sigurd W. Krostue* of counsel, both of Waupaca, and oral argument by *Mr. McHenry*.

For the respondent there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *M. G. Eberlein, Jr.*, and *M. G. Eberlein, Sr.*

WICKHEM, J.    The first contention upon this appeal is that plaintiff was guilty of negligence as a matter of law.    A determination of this issue requires a brief statement of the facts of the case.

The accident occurred July 9, 1939, about 6 o'clock p. m. at the intersection of State Trunk Highway No. 22 and a town. road, three and one-half miles west of Bear Creek, Wisconsin.    Highway No. 22 runs east and west and is intersected at right angles by the town road.    Plaintiff was driving his car south on the town road and intended to turn east on Highway No. 22.    Defendant Smith was driving his car west on Highway No. 22.    Highway No. 22 has a black-top surface with no marked center line and the town road is a gravel highway.    There were no unusual weather conditions, the sun was shining, and the roads were dry.    The collision occurred in the southwest part of the intersection.

Defendants contend that plaintiff was guilty of negligence as a matter of law and that this negligence was at least equal to that of defendant Smith.    Defendants assert that plaintiff either did not maintain a proper lookout or drove into the intersection without regard to the danger of this course of action.    Practically the whole controversy is over the question of lookout, and since plaintiff claims to have discharged his duty in this respect, the topography of the intersection becomes important.    From a point in Highway No. 22 about one hundred seventy-five feet east of the inter-

section there is a sharp decline to the west and a lesser one to the east. The point there constitutes the crest of a small hill. Plaintiff contends that when he took his view he could not see beyond the crest of this hill and that there were no cars in sight when he started into the intersection. Shortly thereafter he saw defendant Smith proceeding toward him at a high rate of speed and determined that his best chance for safety was in proceeding straight across the intersection without attempting to make the left turn which was his original plan. Defendants claim that the physical facts demonstrate that when a person approaching Highway No. 22 reaches a line midway between the north fence line of Highway No. 22 and the north edge of the traveled portion of Highway No. 22, he has an adequate view of cars for four hundred sixty-two feet to the east, and that at two hundred ninety-two feet a car would be in full view. The attack of defendants upon the verdict is the usual one. Defendant claims that his car was in sight and that plaintiff either did not look or did not see what was there to be seen. The question is whether the physical situation is such as to demonstrate the soundness of defendants' position and leave without support jury findings to the contrary. Plaintiff testified that he could only see to the crest of the hill when he took his observation at the ditch line, and that he would have to have his car partly on the traveled path of Highway No. 22 in order to see as far as defendant claims he could have seen from the ditch or water line. We cannot hold as a matter of law that plaintiff's testimony is against the physical facts. The jury took a view of the premises and the description of them in the record is not specific enough to enable this court to say as a matter of law that if he had looked plaintiff could have seen the Smith car when it was east of the crest of the hill. The jury could, therefore, find that plaintiff was not guilty of negligent lookout, and if he was not, then certainly he could be exonerated from the charge of

plunging recklessly into the intersection in an attempt to claim his right of way. It was for the jury to say whether plaintiff, having entered the intersection after an adequate lookout, was negligent in failing to stop on observing defendant's approach and in attempting to clear the intersection.

It is next contended that in several respects the court erred in instructing the jury. Defendants requested the court to give the following instruction on right of way:

"It may be stated further that the general rule that the first entering the intersection has the right of way has some limitations. It does not justify one first reaching an intersection in going ahead when it is reasonably apparent that a collision will result from so doing. When each driver approaches an intersection with his car in control as it should be, and as it will be if he obeys the statutory provisions, the one who by clear margin enters the intersection first may under the rule requested rightly proceed, as he may then reasonably anticipate that the other will allow him to pass ahead. But if the other vehicle is so close or coming at such dangerous speed that a collision is apparently likely to occur if he proceeds, he must then yield or so keep control of his car as to be able to avoid interference."

The court properly denied this instruction. It is based upon assumptions as to the conditions of right of way that are contrary to sec. 85.18 (1), Stats., and that have been condemned in *Roellig v. Gear,* 217 Wis. 651, 260 N. W. 232, and *Beer v. Strauf,* 236 Wis. 597, 296 N. W. 68. In place of this the court instructed the jury as follows:

"Section 85.18, subsection 1, of the statutes, reads as follows: *'Right of way at intersections.* When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, except as otherwise provided in this section. The driver of any vehicle driving at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder. *The driver of a vehicle approaching but not having entered an intersection shall yield*

*the right of way to a vehicle within such intersection and
turning therein to the left across the line of travel of such
first-mentioned vehicle; provided, the driver of the vehicle
turning left has given a plainly visible signal of intention to
turn as aforesaid.' "*

This much of the instruction was quoted literally from sec.
85.18 (1), Stats. The court added the following:

"Any person who has the right of way is not absolved for
that reason from using ordinary care to avoid a collision. Of
course you will understand that both of these two questions
relating to right of way cannot be answered 'Yes.' "

The instruction given is claimed to be erroneous under the
doctrine of *Roellig v. Gear, supra,* and *Beer v. Strauf, supra.*
The contention cannot be sustained. In *Roellig v. Gear,* after
correctly quoting the statute, the court added the statement
(p. 655):

"Consequently, if the driver to the left approaches or
enters the intersection first he is entitled to the right of
way."

This was held to be erroneous because in conflict with
sec. 85.18 (1), Stats., which prescribes that the right of way
is in the driver on the right when the two vehicles approach
an intersection at approximately the same time. In the *Beer
Case, supra,* the court omitted a portion of the last sentence
of the section, and this created the same inconsistency and
error as was present in the *Roellig Case, supra.* No such
error was made by the trial court here. Objection is made
to the inclusion in the instructions of the last sentence of
sec. 85.18 (1), Stats., which deals with the situation where
a vehicle enters the intersection first and upon proper signal
turns to the left across the line of travel of another vehicle.
This part of the statute is rightly claimed to be inappli-
cable to the facts of this case. The instruction should
not have been given. However, we do not consider the in-

struction prejudicial. It is clear from all the evidence that plaintiff entered the intersection under circumstances entitling him to the right of way, the only question being whether he was negligent as to lookout or as to claiming the right of way. It is also contended that the court's instruction as to negligent insistence on the right of way was inadequate. While the instruction was quite scanty and could profitably have been expanded, it was literally correct. At all events, it was not prejudicial, the principal issue being lookout.

Upon the oral argument counsel for defendants called the attention of the court to the fact that the following instruction, held erroneous in the *Beer Case, supra,* was given in this case (p. 600):

"It is the law that the driver of every motor vehicle must have his or her vehicle under such reasonable control as would enable the driver to avoid accidents which might be foreseen by the exercise of ordinary care, and to keep his or her vehicle under such control as to be able to check the speed or stop it absolutely, if necessary, by the application of the brakes, or otherwise, to avoid injury to others when danger may be expected or is apparent. One who disobeys this statutory provision is guilty of negligence."

It is suggested that this was prejudicial error and, of course, it must be held that it was at least error. If in this case the only charge made or found was negligent control, or if there had been a finding of negligence on plaintiff's part, the judgment would have to be reversed. It is evident, however, that the prejudicial effect of this instruction could not have extended beyond the question as to control and management, and since there were other findings of negligence on defendant's part and no finding of negligence as to plaintiff, the instruction was not prejudicially erroneous.

*By the Court.*—Judgment affirmed.