LEANNA, Respondent, vs. GOETHE and another, Appellants.

*October 6—November 4, 1941.*

618

For the appellants there was a brief by *Regan & McCue* of Milwaukee and *Evrard & Evrard* of Green Bay, and oral argument by *R. E. Evrard*.

For the respondent there was a brief by *Kaftan, Rahr & Kaftan* of Green Bay, and oral argument by *J. Robert Kaftan* and *Raymond J. Rahr*.

FRITZ, J.  Upon the defendant Goethe's appeal from the order granting the plaintiff Leanna's motion for a new trial, and the latter's motion to review, upon which he contends the court erred in denying his motion for judgment notwithstanding the verdict, it suffices to note the following matters.  The collision in question occurred in the intersection of.Monroe and Main streets, in Green Bay, upon Leanna's motorcycle colliding head on with the right front fender of Goethe's automobile.  Main street extended east and west and was fifty-two and one-half feet wide; Monroe street extended north and south and was forty feet wide.  As Goethe was approaching the intersection from the west, with the intention of turning north into Monroe street, the traffic lights were set for north and southbound traffic, and therefore he reduced his speed to between six and ten miles per hour.  As the lights turned for east and westbound traffic to proceed just as he arrived at the intersection, Goethe continued eastward at that speed, with

his car immediately south of the center line of Main street, to the center of Monroe street where he made a left turn, and then continued northward until he stopped his car four to seven feet south of the north crosswalk, upon seeing Leanna's motorcycle coming from the east so rapidly that it was about to collide with Goethe's car. While Goethe was approaching and entering and turning in the intersection, a westbound automobile was standing at the east crosswalk and just north of the center line of Main street waiting for the traffic lights to change, and that car stayed there until after Goethe's car was struck by Leanna's motorcycle. He was traveling westward on the south half of the westbound traffic lane on Main street at a speed testified to be from fifteen to twenty-five miles per hour, and when he was close to the rear of the westbound automobile standing at the east crosswalk he saw the traffic lights change and, thereupon, continued onward by turning north and westward to pass that automobile and cross the intersection. Goethe had failed to give any signal of his intention to turn left across the lane for westbound traffic, and he did not see the approaching motorcycle until his wife, who was also sitting on the front seat, called his attention thereto by yelling "motorcycle."

The jury found that the collision was caused by negligence on the part of Leanna in failing, (1) to keep a proper lookout; (2) to yield the right of way; and (3) to drive at a reasonable speed so as to have his motorcycle under proper control. The jury found furthermore that the collision was caused by negligence of Goethe in failing to keep a proper lookout; that he, (1) failed to give a plainly visible signal of his intention to turn left; and (2) in making his left turn, failed to afford Leanna a reasonable opportunity to avoid a collision; but that his failure in these two respects was not negligence and that neither of these failures was a cause of the collision. In connection with the above findings, the jury found that Goethe's causal negligence was forty per cent and

Leanna's negligence was sixty per cent of the total causal negligence. The court, in granting Leanna's motion for a new trial, said:

"Because of the jury's failure to find defendant negligent with respect to his failing to afford plaintiff a reasonable opportunity to avoid a collision, and to take this negligence into consideration in comparing the parties' negligence, a new trial must be granted."

Defendants claim, in connection with contending that the court erred in granting a new trial instead of granting their motion for judgment on the verdict, that there is no evidence to warrant the submission to the jury of any question of negligence on the part of Goethe; that he, as a reasonable and prudent driver, did not have to assume that Leanna would carelessly and recklessly, and at an excessive rate of speed so as not to have his automobile under proper control, swerve from behind the parked car, which was waiting for Goethe to make his proper left turn to the north, and run into Goethe's automobile; and that there was credible evidence which admitted of the jury's findings as to causal negligence on the part of Leanna in the several respects, and its findings as to comparative negligence. On the other hand, Leanna contends that by Goethe's failure to give a plainly visible signal of his intention to turn left, and his failure, in making this turn, to afford Leanna a reasonable opportunity to avoid a collision (as was found by the jury), Goethe violated subs. (1) and (5), respectively, of sec. 85.18, Stats.; and that therefore he was negligent as a matter of law and Leanna should not have been found negligent by the jury in failing to yield the right of way. Plaintiff claims that with the jury's finding as to negligence on the part of Leanna in this latter respect thus eliminated, and with, on the one hand, only the findings as to his causal negligence in respect to lookout and speed remaining, and with, on the other hand, Goethe causally negligent

as a matter of law in respect to the two violations of law, stated above, and also causally negligent in respect to lookout, his total causal negligence was greater than Leanna's negligence and that therefore the latter was entitled to recover herein.

Upon a review of the record it is evident that the evidence fairly admitted of all of the jury's findings in all respects in so far as the questions submitted to the jury related to issues of fact, and no useful purpose will be served by discussing the evidence in detail. It is true, as plaintiff claims, that, in view of Goethe's failure to give the required signal of his intention to turn left, and of the jury's finding that he made the turn without affording Leanna a reasonable opportunity to avoid a collision, Goethe was negligent as a matter of law because his conduct in these respects constituted violations of safety statutes. *Osborne v. Montgomery,* 203 Wis. 223, 234 N. W. 372; *Butts v. Ward,* 227 Wis. 387, 279 N. W. 6; *Robinson v. Krenn,* 236 Wis. 21, 294 N. W. 40; *Grasser v. Anderson,* 224 Wis. 654, 273 N. W. 63; *Hansen v. Storandt,* 231 Wis. 63, 285 N. W. 370; *Lurie v. Nickel,* 233 Wis. 420, 289 N. W. 686. In respect thereto the jury should have been instructed that if it found such violations on the part of Goethe, he was negligent in these respects as a matter of law, instead of leaving the determination of that issue to the jury as an issue of fact. However, notwithstanding the error on the part of the court in these respects, the jury proceeded to consider whether Goethe's failures in making the turn without first giving a signal of his intention to turn left, and without affording Leanna a reasonable opportunity to avoid a collision, were causes thereof,—although the questions were so framed as to require an answer as to cause only in the event that the jury found first that the failures constituted negligence,—and in answer to the questions the jury found that neither of these failures was a cause of the collision. These negative findings as to cause were warranted by evidence which reasonably ad-

mitted of inferences to the effect that Goethe, in making his turn at the center of the intersection had turned his car northward in the north half of the intersection to such an extent, before Leanna's motorcycle emerged from behind the automobile standing at the east crosswalk, that no signal given on the left side of his car by Goethe's holding out his hand, or otherwise, would have been visible to Leanna. Consequently, the jury could rightly find that his failure to give such signal was not a cause of the collision. And, likewise, in view of the inferences stated above and the evidence which admitted of the jury's findings that Leanna was causally negligent in respect to failing to keep a proper lookout, to drive at a reasonable speed so as to have his motorcycle under proper control and to yield the right of way, the jury could reasonably find that Goethe's failure, in making his left turn, to afford Leanna a reasonable opportunity to avoid a collision was not a cause of the collision. With Goethe's car turned northward in the north half of the intersection, when Leanna emerged from the rear of the standing automobile, and with the north half of Main street twenty-six feet wide, of which at most but about half could have been occupied by Goethe's car, so that at the time of the impact, when the front thereof was from four to seven feet south of the crosswalk, there was that space ahead of the car and also a space of six to nine feet wide at the rear thereof available in the north half of the intersection for the safe passage of the motorcycle, it was obviously within the jury's province to find that making the left turn without affording Leanna a reasonable opportunity to avoid a collision was after all not a cause thereof. As the jury, in finding that Goethe failed to give a signal of his intention to turn left, and in doing so failed to afford Leanna a reasonable opportunity to avoid a collision, presumably and evidently took into consideration all facts and circumstances established by the evidence in relation to the real nature and consequences of these failures, it is not reasonable to assume that mere instruc-

tions by the court that such failures constituted negligence as a matter of law and were to be so considered would have been likely to result in the jury's finding that these failures constituted causes of the collision, instead of finding that such failures were not causes thereof. It therefore seems improbable that there was any error, which operated to the prejudice of the plaintiff in respect to the failures, in question, on the part of Goethe.

Furthermore, for the reasons stated above, it does not follow that a new trial must be granted because of a failure on the part of the jury to take into consideration, in comparing the negligence of the parties, Goethe's negligence in failing to afford Leanna a reasonable opportunity to avoid a collision. Although the jury, in the absence of any instruction that such failure constituted negligence as a matter of law, did not find that the failure constituted negligence, it does not necessarily follow, in view of the manner in which the issues as to whether the failure was a cause was submitted, that the jury did not take Goethe's failure in this respect into consideration in comparing the negligence of the parties. At all events, inasmuch as the jury found that the failure was not a cause of the collision, there was no occasion for the jury to take the failure into consideration in comparing the negligence of the parties, and consequently the court erred in concluding that a new trial must be granted on the ground that the jury did not take the failure into consideration.

*By the Court.*—Order reversed, and cause remanded with directions to vacate the order granting a new trial, and to reinstate the verdict and enter judgment thereon dismissing the complaint.