## SCHWARTZ v. EITEL.
### No. 8109.

Circuit Court of Appeals, Seventh Circuit.
Jan. 19, 1943.

Wm. E. Fisher, and R. T. Reinholdt, both
of Stevens Point, Wis., for appellant.

A. J. O'Melia, of Rhinelander, Wis., for
appellee.

Before SPARKS, KERNER, and MIN-
TON, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff brought this action in the Circuit Court of Oneida County, Wisconsin to recover $12,500 damages for injuries sustained as the result of alleged negligence of the defendant's chauffeur in operating an automobile which collided with plaintiff's automobile. Upon motion of the defendant, the case was removed because of diversity of citizenship to the District Court and there tried to a jury.

The collision occurred on May 16, 1941, a bright sunny afternoon, at the intersection of Highway 51 and Heinzen road, a private roadway which runs into but not beyond Highway 51, near the village of Hazelhurst, Wisconsin. Highway 51 is a north-and-south bound paved road, 25 feet wide. Just prior to the collision, defendant's automobile was being driven north on Highway 51. From a point 500 feet north of Heinzen road to the Heinzen road, Highway 51 rises approximately ten and a half feet, and from Heinzen road to a point 600 feet south of Heinzen road, the highway rises approximately 14 feet, the top of this grade being 650 feet south of the point of collision. The defendant's automobile was black, as was the surface of the highway. Shortly before the collision, plaintiff was driving his automobile south on the right side of Highway 51 at 20 miles per hour and as he approached Heinzen road he reduced his speed, looked to the south and into his rear view mirror. There being no automobile in sight coming from either direction, plaintiff, before he started to turn left into Heinzen road kept well to the right, made a further observation to see if there were any vehicles approaching from either direction and from the northeast on another intersecting road (old Highway 51), and seeing none, entered over the center of Heinzen road at about 8 to 10 miles an hour. When his automobile was on the east half of Highway 51 he saw defendant's automobile 75 to 100 feet to the south, "coming very fast." Defendant's automobile struck the right door of plaintiff's automobile, spun it around clockwise and ran it. back 30 feet into a ditch on the east side of the highway. The defendant's automobile, after the impact, moved forward about 15 feet. Plaintiff was 59 years of age, in perfect health, eyesight good, and had lived at Hazelhurst for forty-five years, and was familiar with the surroundings in the immediate vicinity. There also was testimony tending to show that defendant's automobile was being driven at the rate of 70 to 75 miles an hour.

The jury returned a special verdict that defendant's chauffeur was negligent in the operation of his automobile and that the collision was the natural result of his negligence; that plaintiff was also negligent, but that his negligence was ten per cent of the whole. The court entered judgment for plaintiff's recovery oı ninety per cent of his damages as assessed by the jury. To reverse the judgment, defendant appealed.

The defendant's principal contention is that the plaintiff was guilty of want of ordinary care. He points to the rule that placed plaintiff under an obligation to keep a lookout and observe where an efficient observation may be had, Svenson v. Vondrak, 200 Wis. 312, 227 N.W. 240; Rock v. Sarazen, 209 Wis. 126, 244 N.W. 577; and DeBaker v. Austin, 233 Wis. 39, 287 N.W. 720, and we are urged to hold that the plaintiff violated the Wisconsin Statutes, which provide that the operator of a vehicle intending to turn to the left into a private driveway shall make such turn from the traffic lane immediately to the right of and next to the center of the highway and shall pass immediately to the left of the center of the intersection, passing as closely as practicable to the left of the center of the intersection. § 85.17(2). When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, except as otherwise provided in this section. The driver of any vehicle driving at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder. The driver of a vehicle approaching but not having entered an intersection shall yield the right of way to a vehicle within such intersection and turning therein to the left across the line of travel of such first mentioned vehicle; provided, the driver of the vehicle turning left has given a plainly visible signal of intention to turn as aforesaid. § 85.18(1). The operator of a vehicle within an intersection, intending to turn to the left across the path of any vehicle approaching from the opposite direction, may make such left turn where it is permitted only after affording a reasonable opportunity to the operator of such vehicle to avoid a collision. § 85.18(5).

The record discloses that Heinzen road is 12 feet wide, that plaintiff, as he ap-

proached Heinzen road and before he started to turn left, kept to the right of Highway 51, and that he entered over the center of Heinzen road. Under such circumstances, we cannot say that plaintiff has violated § 85.17(2).

Under the provisions of the statutes, the defendant had the right of way if he approached or entered the intersection before the plaintiff. In order to be entitled to have an approaching driver, who has not entered the intersection, yield the right of way, a driver, even though he is first in the intersection, must give a plainly visible signal of his intention to turn to his left, Grasser v. Anderson, 224 Wis. 654, 273 N. W. 63, and the failure to give the required signal of intention to turn left is negligence as a matter of law, Leanna v. Goethe, 238 Wis. 616, 300 N.W. 490.

Defendant contends that the undisputed evidence shows that if the plaintiff looked when he says he did, defendant's automobile was within range of his vision, and that he cannot be heard to say that he looked, because if he had looked, he would have seen defendant's automobile. True, the courts have many times said that where the undisputed facts, or the physical situation, shows that an approaching car is within plain view of one approaching and about to cross a railway track or highway, the testimony of one so approaching that he looked but did not see, is not sufficient to take the case to the jury. However, in order to invoke this principle, it must appear as an uncontrovertible fact that the car was within his range of vision at the time he claimed to have looked, Moody v. Milwaukee, etc., 173 Wis. 65, 180 N.W. 266.

True it is, that in our case the chauffeur testified that when his automobile was 75 to 100 feet from the point of impact, plaintiff made a sudden left turn, but the plaintiff testified that he turned in and was on the intersection before the defendant's automobile had gotten over the hill and into his view, the top of this grade being 650 feet south of Heinzen road. Thus, there was a conflict in the evidence, and it cannot be said that it uncontrovertibly appears that the defendant's automobile was within his range of vision. Under these circumstances, it cannot be said as a matter of law that the defendant's automobile was within the plaintiff's range of vision and that he was guilty of want of ordinary care. In our opinion, whether the two vehicles had entered the intersection at approximately the same time, and whether plaintiff could or should have seen the defendant approaching from the left beyond the crest of the hill, were purely jury questions to be determined upon consideration of all the evidence. Moody v. Milwaukee, etc., supra, and Schmallenberg v. Smith, 237 Wis. 285, 296 N.W. 597.

The defendant next asks us to say as a matter of law, that plaintiff's negligence was as great, at least, as defendant's negligence.

The courts of Wisconsin have no rule of thumb with respect to the apportionment of negligence. Fronczek v. Sink, 235 Wis. 398, 291 N.W. 850, 293 N.W. 153, or as was said in Shortle v. Sheill, 172 Wis. 53, 57, 178 N.W. 304, 306, "There is no yardstick by which it may be determined whether any given action amounts to ordinary care. The decision must, of necessity, be a matter of human judgment. This is signally true in automobile accident cases. Whether the conduct of one charged with responsibility for an automobile accident amounts to negligence is in the vast majority of cases a question calling for the exercise of human judgment, and one upon which men are very likely to differ. In these days, when automobiles are in well-nigh universal use, who is better qualified to pass final judgment upon such matter than a jury, who can apply to the facts of the case a collective and varied experience? The daring, the reckless, the moderate, the careful, and the timid driver, as well as the pedestrian, and he who still clings to Ole Dobbin, all find their way to the jury box, and the decision of the jury upon these questions reflects a judgment founded upon varied views, sympathies, and experiences, which a court can disregard only when palpably unsupported by evidence or inconsistent with law." Cases are extremely rare when the negligence of a plaintiff can be held as a matter of law as great or greater than that of the defendant, Hustad v. Evetts, 230 Wis. 292, 282 N.W. 595, since ordinarily the right and duty to compare negligence is a question for the jury, Cameron v. Union, etc., 210 Wis. 659, 246 N.W. 420, 247 N.W. 453. In this case we are of the opinion that the question of whether the negligence of the plaintiff was as great as that of the defendant presents a clear jury question, which, under the familiar rules of law, cannot be disturbed.

The defendant next makes the point that the court erred in denying him the

right to the use of a written statement made by the plaintiff while at the Sacred Heart Hospital in Tomahawk, Wisconsin, on May 17, 1941. The statement was excluded because the court was of the opinion it had been taken contrary to the Wisconsin Statute, § 325.28 which provides: "In actions for damages caused by personal injury, no statement made or writing signed by the injured person within seventy-two hours of the time the injury happened or accident occurred, shall be received in evidence unless such evidence would be admissible as part of the res gestæ."

The record discloses that on September 12, 1941, the statement was re-read by the plaintiff and, after being corrected in one particular, it was by him affirmed.

Error will not be presumed, nor where error appears will it be presumed to be prejudicial. It must appear affirmatively of record, with reasonable clearness, not only that the error was harmful, but that it was harmful in a material degree, Heintz v. Schenk, 176 Wis. 562–569, 186 N.W. 610, and the courts of Wisconsin have frequently and uniformly made it plain that the final termination of litigation must not be delayed by an error of the trial court, unless it shall appear with reasonable certainty that, had it not occurred, the result might probably have been more favorable to the one complaining of it. We have read the statement and think it was admissible, but it did not affect any substantial right of the defendant, nor does it affirmatively appear that the error was harmful, consequently, it was not reversible error.

Finally, it is contended that the damages awarded plaintiff were excessive.

Plaintiff was in the business of raising and selling nursery stock, building cottages for sale, and buying and selling real estate. He testified that because of his inability to look after his business, he suffered a financial loss, and over objection, he was permitted to state that he estimated his lost earnings were $2500. Such a basis for assessment of damages was too indefinite, uncertain and speculative. The objection to the question should have been sustained and the evidence excluded. Bierbach v. Goodyear Rubber Co., 54 Wis. 208, 11 N.W. 514, 41 Am.Rep. 19.

The judgment of the District Court will be affirmed, provided the plaintiff, within twenty days, files with the clerk of this court a consent in writing that the judgment may be reduced by the sum of $2,500. If the plaintiff does not file such remittitur within the twenty days, the judgment will be reversed, and the cause will be remanded for a new trial.

It is so ordered.